CALOGERO, Justice,
concurring.
I concur in the majority opinion, 394 So.2d 1214, that the plea, verdict and sentence were each improper and that their correction by remand to the district court for retrial on the merits will not impinge on the defendant’s guarantee against double jeopardy. Additionally, however, I believe that under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) defendant must be given credit for the time he has already served on the illegal sentence.
Furthermore, while it is true that C.Cr.P. art. 592 provides that “when a defendant pleads not guilty, jeopardy begins when the first witness is sworn at the trial on the merits”, the United States Supreme Court has stated that as a matter of Constitutional law jeopardy attaches in a jury trial when the jury is impaneled and sworn. Crist v. Betz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); State v. Bodley, 394 So.2d 584 (1981).